**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 10-00793 MMM (JCx) | Date | June 7, 2010 |

| | |
|---|---|
| Title | *Cesar Najaroo v. LA Grinding Company et al.* |

Present: The Honorable     MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **Order to Show Cause Why Action Should Not Be Dismissed for Lack of Subject Matter Jurisdiction**

### I. BACKGROUND

On February 3, 2010, plaintiff Cesar Najarro filed a complaint in this court against LA Grinding Company, Hans Heckings, and certain fictitious defendants.[1] Najarro's initial complaint alleged violations of the Fair Labor Standards Act ("FLSA"), as well as state law claims, including a claim for unfair competition. Najarro alleged that the court had federal question jurisdiction because of the FLSA claim. See 28 U.S.C. § 1331. He asserted that the court had supplemental jurisdiction over the remaining claims. See 28 U.S.C. § 1367. On March 10, 2010, Najarro voluntarily dismissed Heckings as a defendant. On April 5, 2010, he filed a first amended complaint against LA Grinding and Dennis Caruso, alleging only a state law claim for unfair competition in violation of California Business & Professions Code § 17200 *et seq*.[2]

Najarro alleges that he was employed by LA Grinding for an unspecified period during the last four years.[3] LA Grinding allegedly did not compensate Najarro for all time worked, did not pay

---

[1] Complaint, Docket No. 1 (Feb. 3, 2010).

[2] First Amended Complaint for Unfair Competition, Docket No. 10 (Apr. 5, 2010).

[3] *Id.*, ¶ 9.

overtime, and did not pay the minimum wage.[4]  Najarro alleges that he was denied the right to inspect employment records, that he was denied the right to take unspecified breaks, and that he routinely worked between ten and eleven hours per day but was only paid for eight hours of work per day.[5] Curiously, although Najarro alleges only a violation of California Business & Professions Code § 17200, he asserts that the court "may exercise supplemental jurisdiction over the state law claims in the complaint pursuant to 28 U.S.C. § 1367(a)."[6]  It appears to the court, therefore, that plaintiff's asserted basis for maintaining the action in federal court is supplemental jurisdiction.

## II.  DISCUSSION

### A.  Legal Standard Governing Supplemental Jurisdiction under 28 U.S.C. § 1367 and *United Mine Workers v. Gibbs*

When a federal claim is joined with state claims in the same action, the federal court has "supplemental jurisdiction over all other claims that are so related to [the federal] claim[ ] . . . that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  In *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), the Supreme Court observed that if "a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole." *Id.* at 725.  See also *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) ("A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together," quoting *Trustees of the Construction Industry and Laborers Health and Welfare Trust v. Desert Valley Landscape & Maintenance, Inc.*, 333 F.3d 923, 925 (9th Cir. 2003)).

Although *Gibbs* was decided prior to the enactment of § 1367, the Ninth Circuit has directed that courts apply the principles it articulates in deciding whether to exercise supplemental jurisdiction. *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (stating that "while discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367, it is informed by the *Gibbs* values of 'economy, convenience, fairness, and comity'"); see also *Executive Software North America, Inc. v. United States District Court for the Central District of California*, 24 F.3d 1545, 1557 (9th Cir. 1994) ("By codifying preexisting applications of *Gibbs* in subsections (c)(1)-(3), however, it is clear that Congress intended the exercise of discretion to be triggered by the court's identification of a factual predicate that corresponds to one of the section 1367(c) categories.  Once that factual predicate is identified, the exercise of discretion, of course, still is informed by whether remanding the pendent state claims comports with the underlying objective of 'most sensibly accommodat[ing]' the values of 'economy, convenience, fairness, and comity'" (quotation omitted)).

---

[4]*Id.*, ¶ 10.

[5]*Id.*, ¶¶ 11, 14–16.

[6]*Id.*, ¶ 25.

The exercise of supplemental jurisdiction is discretionary, however; it is not a matter of right. See *Gibbs*, 383 U.S. at 725; see also 18 U.S.C. § 1367(c) (identifying four reasons why a district court may choose to decline supplemental jurisdiction: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction"). The "justification [for exercising supplemental jurisdiction] lies in considerations of judicial economy, convenience and fairness to litigants." *Gibbs*, 383 U.S. at 726; see also *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988) ("As articulated by *Gibbs*, the doctrine of pendent jurisdiction . . . is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns"). "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Gibbs*, 383 U.S. at 726; see also *Trustees of the Construction Industry*, 333 F.3d at 925-26 (noting that the discretion to dismiss state claims when all of the federal claims have been dismissed in "Section 1367(c)(3) derives from *Gibbs*'s admonition that '[n]eedless decisions of state law should be avoided'").

In *Gibbs*, the Supreme Court noted three situations in which a district court should seriously consider dismissing supplemental state law claims. See *Gibbs*, 383 U.S. at 726-27. See also *Acri*, 114 F.3d at 1001 ("[W]e emphasize that actually exercising discretion and deciding whether to decline, or to retain, supplemental jurisdiction over state law claims when any factor in subdivision (c) is implicated is a responsibility that district courts are duty-bound to take seriously"). First, although not an inflexible, mandatory rule, *Carnegie-Mellon*, 484 U.S. at 350 n. 7; *Acri*, 114 F.3d at 1000; *Schneider v. TRW, Inc.*, 938 F.2d 986, 993 (9th Cir. 1990), state law claims should be dismissed if all federal claims are dismissed before trial. *Gibbs*, 383 U.S. at 725. Second, "if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims *may* be dismissed without prejudice and left for resolution to state tribunals." *Gibbs*, 383 U.S. at 726-27 (emphasis supplied). See also *Matek v. Murat*, 862 F.2d 720, 732 (9th Cir. 1988) ("Judicial economy and fairness to the litigants is better served by dismissal of the [predominating] pendent state claims"). "Finally, there may be reasons independent of jurisdictional considerations, such as the likelihood of jury confusion in treating divergent legal theories of relief, that would justify separating state and federal claims for trial. . . . If so, jurisdiction should ordinarily be refused." *Gibbs*, 383 U.S. at 727 (citing Fed. R. Civ. Proc. 42(b) ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims")).

Congress codified two of these principles in § 1367(c). Section 1367(c)(2) provides that district courts may decline to exercise supplemental jurisdiction over a state law claim if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). Section 1367(c)(3) permits a district court to decline supplemental jurisdiction when "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Relevant to this action, § 1367(c)(3) governs situations in which all federal claims have been dismissed. The Ninth Circuit has held that, under this subsection,

where an "[a]mended [c]omplaint d[oes] not present a federal question, the district court ha[s] the discretion to decline supplemental jurisdiction." *California Department of Water Resources v. Powerex Corp.*, 533 F.3d 1087, 1091 (9th Cir. 2008) (citing 28 U.S.C. § 1367(c)(3)). Because, in filing an amended complaint that voluntarily dismissed his FLSA claim, Najarro dismissed the only claim over which the court would have original jurisdiction, he relies at this point exclusively on supplemental jurisdiction.

If the parties do not address the propriety of exercising supplemental jurisdiction under § 1367(c), the court may raise the issue *sua sponte*. See *Acri*, 114 F.3d at 1001 (noting that while district courts are not required to examine whether they should exercise supplemental jurisdiction under § 1367(c) *sua sponte*, "we emphasize that actually exercising discretion and deciding whether to decline, or to retain, supplemental jurisdiction over state law claims when any factor in subdivision (c) is implicated is a responsibility that district courts are duty-bound to take seriously"); *Robbins v. City of Hanford*, Nos. CIV F F 04-6672 AWI SMS, CV F 05-0147 OWW SMS, 2006 WL 1716220, *18 (E.D. Cal. June 19, 2006) ("A district court may *sua sponte* determine whether to exercise supplemental jurisdiction over state law claims" (citation omitted)); *Ballard v. Equifax*, 186 F.R.D. 589, 599 (E.D. Cal. 1999) (raising the issue *sua sponte*).

As noted, the court may decline to exercise supplemental jurisdiction over state claims where decision of the claims raises concerns regarding any of the circumstances outlined in the subparts of § 1367(c). Cf. *Executive Software*, 24 F.3d at 1556 ("[U]nless a court properly invokes a section 1367(c) category exercising its discretion to decline to entertain pendent claims, supplemental jurisdiction must be asserted"). If any of the provisions is satisfied, the court applies the flexible, case-specific standard laid out in *Gibbs*. See *Acri*, 114 F.3d at 1001. Because Najarro filed an amended complaint, it appears that he has abandoned all claims over which the court had original jurisdiction. The court is therefore in doubt as to whether it has jurisdiction. *Wade v. Regional Credit Association*, 87 F.3d 1098, 1101 (9th Cir. 1996) (holding that "where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice"); *Harrell v. 20th Century Insurance Co.*, 934 F.2d 203, 205 (9th Cir. 1991) ("[I]t is generally preferable for a district court to remand remaining pendent claims to state court"); *Graves v. Downey Sav. and Loan Ass'n*, No. C 09-02666 JF (RS), 2009 WL 3335335, *5 (N.D. Cal. Oct. 14, 2009) (dismissing all TILA and RESPA claims without prejudice, and holding that the proper course was for the court to "defer its review of Plaintiffs' remaining state-law claims"); *Anderson v. Countrywide Financial*, No. 2:08-cv-01220-GEB-GGH, 2009 WL 3368444, *6 (E.D. Cal. Oct. 16, 2009) ("Since state courts have the primary responsibility to develop and apply state law, and the *Gibbs* values do not favor continued exercise of supplemental jurisdiction over Plaintiff's state claims, Plaintiff's state claims are dismissed under 28 U.S.C. § 1367(c)(3)"); 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a [state-law] claim [if] . . . the district court has dismissed all claims over which it has original jurisdiction"). See also *Gibbs*, 383 U.S. at 726 ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law").

## III.  CONCLUSION

For the reasons stated, the court orders plaintiff to show cause on or before **Monday, June 14, 2010,** why this action should not be dismissed under 28 U.S.C. § 1367.  Defendants may file a response on or before **Friday, June 18, 2010**.